```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
ROBERT E. JUDGE,

                Plaintiff,           MEMORANDUM & ORDER
                                     09-CV-4058(JS)
        -against-

MICHAEL ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
----------------------------------X
APPEARANCES:
For Plaintiff:    Robert E. Judge, pro se
                  PO Box 327
                  Huntington, NY 11743

For Defendant:    Vincent Lipari, Esq.
                  United States Attorneys Office
                  Eastern District of New York
                  610 Federal Plaza, 5th Floor
                  Central Islip, NY 11722-4454
```

SEYBERT, District Judge:

Pending before the Court are a motion for judgment on the pleadings (Docket Entry 13) filed by pro se plaintiff Robert E. Judge ("Plaintiff" or "Judge") and a cross-motion for judgment on the pleadings seeking remand of this action for further proceedings before an Administrative Law Judge ("ALJ") filed by defendant Michael J. Astrue, Commissioner of Social Security ("SSA") (Docket Entry 17). For the reasons outlined below, Plaintiff's motion is DENIED, Defendant's GRANTED. Consequently, all other pending motions are DENIED AS MOOT.

BACKGROUND

On April 12, 2005, Plaintiff filed a claim, pursuant to 42 U.S.C. § 402(d)(1), for disabled adult child's benefits based on

the earnings of his father, who died on March 28, 1983.  (R.[1] 181-83.)  Under § 402(d)(1), an individual may be entitled to disabled adult child's benefits based on the record earnings of an insured deceased person if: (i) the claimant is eighteen years of age or older; and (ii) suffers from a disability that began before he attained twenty-two years of age.  Born on January 25, 1955, Plaintiff claimed that he had been disabled since January 5, 1975.  (R. 182.)

After a hearing in August 2005, the ALJ issued a decision dated September 19, 2005 denying Plaintiff's application by operation of the res judicata rule; the judge decided that the application sought the same benefits as Plaintiff's previous application denied on September 14, 1995, which was never appealed and therefore final.  (R. 134-38.)  Plaintiff's request for review of the September 19 decision was subsequently denied by the Appeals Council.

Plaintiff next filed an action in the United States District Court for the Eastern District of New York (05-CV-5160) (Spatt, J.).  (R. 11.)  On September 6, 2007, Judge Spatt remanded the case to the Defendant for additional proceedings, pursuant to the fourth sentence of 42 U.S.C. § 405(g), when it became apparent that the SSA could not locate copies of the September 14, 1995

---

[1] "R" denotes the administrative record, filed by the Defendant as a part of the Answer.

decision denying Plaintiff's disabled adult child's benefit application (on which the res judicata ruling was predicated); and the notices advising him of that decision, of his right to appeal, and of consequences from failing to appeal. Nor could the Defendant otherwise prove they were sent. (R. 173-76.)

Following remand, on June 10, 2008, Plaintiff appeared, without counsel, and testified at a hearing before the ALJ, who rejected his application on September 19, 2005. To obtain testimony from a medical expert--one Dr. Osvaldo Fulco--the ALJ adjourned the hearing to August 20, 2008, when Plaintiff once again appeared without counsel. (R. 296-322.) This time around, the ALJ assessed Plaintiff's claim de novo, finding on October 31, 2008 that Plaintiff was not disabled prior to January 12, 1977 and therefore unentitled to disabled adult child's benefits. (R. 8-16 (since Plaintiff was born on January 25, 1955, not January 12, 1955, the ALJ's analysis was mistaken on this point.)) After the Appeals Council declined to assume jurisdiction over Plaintiff's case, Plaintiff commenced this action on September 21, 2009.

DISCUSSION

I. Standard of Review: 42 U.S.C. § 405(g)

Federal courts have the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing." 42 U.S.C. § 405(g).

Pursuant to the fourth sentence of Section 405(g), remand is appropriate where the Commissioner has failed to develop the administrative record fully and/or to provide a full and fair hearing. Melkonyan v. Sullivan, 501 U.S. 89, 98, 111 S. Ct. 2157, 115 L. Ed. 2d 78 (1991).

II. Plaintiff's Entitlement to Benefits

To establish entitlement to disabled adult child's benefits on the record earnings of an insured person who has died, a Plaintiff must prove he is 18 years of age or older and suffers from a disability that began before he reached 22 years of age. 42 U.S.C. § 402(d)(b)(i); 20 C.F.R. § 404.350(a)(5).

To establish disability, the claimant must demonstrate an inability:

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . .

42 U.S.C. § 423(d)(1)(A).

A five-step sequential analysis for evaluating disability claims is set forth in the Commissioner's regulations. See 20 C.F.R. § 404.1520. The Commissioner will not review a claim further if, at any point in the process, a finding of either disability or non-disability may be made. 20 C.F.R. § 404.1520 (a)(4). If, for example, the claimant is not found to be engaged

in substantial gainful activity, the Commissioner will determine whether the medical evidence demonstrates that the person suffers from a "severe" impairment; if so, he then decides whether the impairment meets or equals the impairment criteria enumerated in 20 C.F.R. Part 404, Subpart P, Appendix 1. See 20 C.F.R. §§ 404.1520(c), 404.1521, 404.1520(d), 404.1525. If the impairment does not meet the criteria, a residual functional capacity test is performed. See 20 C.F.R. § 404.1520(e). Next, the ALJ decides whether the claimant remains capable of performing past relevant work in view of the existing severe impairment. See 20 C.F.R. § 404.1520(f). If the claimant cannot, as the last step, the ALJ determines whether he is capable of performing other work existing in the national economy, in light of his age, education, work experience, and residual functional capacity. See 20 C.F.R. § 404.1520(g).

As far as the procedure of the hearing is concerned, while a Social Security Disability claimant does not enjoy an absolute constitutional right to counsel, he does have the right to be represented should he choose to obtain counsel on his own. Lamay v. Astrue, 562 F.3d 503, 507 (2d Cir. 2009); see also 42 U.S.C. § 406. In particular, the pertinent statute and regulation state that when notifying a claimant of an adverse determination, the Commissioner must "notify [the] claimant in writing" [of his] "options for obtaining [an] attorney to represent [him]" at his

5

hearing and "the availability . . . of . . . organizations which provide legal services free of charge" to "qualifying claimants." 42 U.S.C. §§ 406(c), 1383(d)(2)(D); see also 20 C.F.R. § 404.1706. Furthermore, "the ALJ must ensure that the claimant is aware of [his] right [to counsel]." Robinson v. Sec'y of Health & Human Servs., 733 F.2d 255, 257 (2d Cir. 1984).

Where there has been a failure to obtain a valid waiver of the right to representation, remand is the proper disposition if the claimant is prejudiced or if there was unfairness in the proceeding. See, e.g., Flores v. Astrue, 2009 WL 1562854, at *8 (S.D.N.Y. May 27, 2009). In the pro se context, prejudice is shown where the ALJ neglected to develop properly the administrative record in a manner consistent with the heightened pro se standard. Id. at *8; see also Alvarez v. Bowen, 704 F. Supp. 49, 52-53 (S.D.N.Y. 1989).

Here, as is argued by the Defendant himself, the Plaintiff was not completely informed of his right before making a valid waiver of it. Specifically, while the ALJ wrote in his decision that "[a]lthough repeatedly informed of his right to representation, the claimant chose to appear and testify without the assistance of an attorney or other representative," (R. 11), the notices mailed to Plaintiff (in May and August 2008) did not advise him of the availability of free legal services and did not provide a listing of them. (R. 184-87.) Nor did the ALJ inquire

6

to see whether Plaintiff received the requisite information at the June 8 and August 20, 2008 hearings. Instead, on June 8, 2008, the ALJ tersely stated that Plaintiff had "the right to be here with an attorney . . . [and] the right to have the hearing by yourself today." (R. 325.) In response, Plaintiff stated, "okay". (R. 325.) Likewise, at the August 20, 2008 hearing following adjournment, Plaintiff was advised of his right in a virtually identical way and replied, "yes, sir." (R. 298.)

The ALJ's failure to fully apprise Plaintiff of his rights proved acute in this case given that he was then receiving SSI benefits for a mental impairment, which the ALJ recognized in his decision. (R. 13.) In such circumstances, the ALJ was duty bound to conduct a more searching inquiry into whether Plaintiff wished to proceed pro se. See, e.g., Collado v. Astrue, 2009 WL 2778664, at *2 (S.D.N.Y. Aug. 31, 2009). Moreover, as is mentioned supra, the ALJ's heightened duty in a pro se hearing requires him to "scrupulously and conscientiously probe into, inquire of, and explore for all the relevant facts . . ." Gold v. Secretary of Health, Education and Welfare, 463 F.2d 38, 42 (2d Cir. 1972). Here, for all his reliance on the testimony of the medical expert (Dr. Fulco), who concluded, based on a review of Plaintiff's medical records, that there was no evidence of back injury prior to 1987, several of those medical records are not found in the certified administrative record. (R. 244-45.) Defendant not only

7

concedes as much, but argues that this was in error. Def.'s Mem., p. 16. The expert reports on which the ALJ relied in his decision --namely, the reports from Dr. Olivetto (June 1989), Dr. Flunkel (May 1990), Dr. Dutta (July 1990), Dr. Turner, and the Sports Medical Resource (December 1987 and February 1988)--were never entered into the record. (R. 14-15.) Perhaps more importantly, absent from the record is evidence concerning Plaintiff's alleged receipt of disabled adult child's benefits before he reached the age of 22 (if Plaintiff's father were disabled or retired at this juncture, Plaintiff would have been awarded child's insurance benefits up to age 22 if he were a full-time student without a finding of disability). 42 U.S.C. § 402(d)(1)) (R. 301-02; 327-28, his alleged 1983 claim for SSI due to back problems, and his 1990 SSI claim (R. 301-02).)

For all of these reasons and pursuant to the fourth sentence of 42 U.S.C. § 405(g), this civil action should be remanded for further administrative review. By the same token, Plaintiff's application for reversal and a remand solely for the purpose of a calculation of benefits must be denied. Because the Court finds that the ALJ did not fully discharge his duty to develop properly the administrative record in a pro se case, it cannot simultaneously conclude that the record conclusively shows that the Plaintiff was disabled before he reached his 22nd year on January 25, 1977. See, e.g., Bush v. Shalala, 94 F.3d 40, 46 (2d

8

Cir. 1996) ("[A] decision to reverse and direct an award for benefits 'should be made only when . . . substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits'") (quoting Gilliland v. Heckler, 786 F.2d 178, 184 (3d Cir. 1986). Moreover, what evidence there is in the record shows that Plaintiff's alleged disability (congenital back impairment or spina bifida occulta) was diagnosed in 1983. Yet to be entitled to adult disabled child's benefits, Plaintiff must show that he was disabled prior to January 25, 1977, when he reached the age of 22. Plaintiff cites no evidence in the record showing a diagnosis prior to that date, let alone substantial evidence.

CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Commissioner's decision is reversed and the case is remanded for further administrative proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). The Clerk of the Court is directed to terminate all pending motions and mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: May   10  , 2011
       Central Islip, New York